## FOGG v. DUMMER.

An award by arbitrators, made on the submission of selectmen, is binding on the town when the town has no other authorized agent.

ASSUMPSIT, on an award. The plaintiff offered to prove that the submission was of a claim for damages for a defective highway, signed by the plaintiff and two of the selectmen of Dummer; that counsel employed by the selectmen appeared with the selectmen before the arbitrators, and the cause was heard, and that no objection was made to the submission before the award. The question was reserved, whether on the proof offered the action could be maintained.

*Ray, Drew & Jordan*, with whom were *Benton & Hutchins*, for the plaintiff, cited *Sanborn* v. *Deerfield*, 2 N. H. 251 ; *Hoit* v. *Cooper*, 41 N. H. 111 ; *Boston* v. *Brazer*, 11 Mass. 447 ; *Buckland* v. *Conway*, 16 Mass. 396 ; *Schoff* v. *Bloomfield*, 8 Vt. 472 ; *Cabot* v. *Britt*, 36 Vt. 349 ; *Hollister* v. *Pawlet*, 43 Vt. 425 ; *Hine* v. *Stephens*, 33 Conn. 504.

*Ladd*, with whom were *Whidden* and *Bingham & Mitchell*, for the defendant, cited Dillon Mun. Corp. *s.* 11 ; WOODBURY, J., in *Underhill* v. *Gibson*, 2 N. H. 355 ; SMITH, C. J., in *Otis* v. *Barrington*, cited in *Rich* v. *Errol*, 51 N. H. 355 ; *Andover* v. *Grafton*, 7 N. H. 300 ; *Carlton* v. *Bath*, 22 N. H. 559 ; *Rich* v. *Errol*, 51 N. H. 350 ; *Boston* v. *Brazer*, 11 Mass. 447 ; *Goff* v. *Rehoboth*, 12 Met. 26 ; *Campbell* v. *Upton*, 113 Mass. 67; *Clark* v. *Russell*, 116 Mass. 455 ; *Furbish* v. *Hall*, 8 Greenl. 315.

The early statute of Connecticut made it the duty of selectmen " to

take care of and order the prudential affairs of the town," identical in meaning with our own statute. Under that statute, the selectmen could not, by virtue of their office merely, make a settlement of the claims of the town *(Leavenworth* v. *Kingsbury,* 2 Day 323), nor submit to arbitration the question of a pauper's settlement. *Griswold* v. *North Stonington,* 5 Conn. 367. The change in the statute in 1821, making it the duty of the selectmen to superintend the concerns of the town and adjust and settle all accounts against it, authorized the selectmen to prosecute and defend suits for and against the town. *Union* v. *Crawford,* 19 Conn. 331. So, in Vermont, the early statute authorized the selectmen " to superintend the prudential affairs of the town," like ours. Under that statute, selectmen could not discharge the interest of a witness, so as to make him competent *(Angel* v. *Pownal,* 3 Vt. 461), nor receive moneys of the town and execute discharges therefor. *Middlebury* v. *Rood,* 7 Vt. 125. By the Revised Statutes of Vermont, selectmen were empowered to audit and allow the claim of any person against the town for money paid or services performed ; and under this statute they might refer to arbitration such claims as they had power to audit and adjust. *Dix* v. *Dummerston,* 19 Vt. 262 ; *Hollister* v. *Pawlet,* 43 Vt. 425. Before the latter decision the powers of selectmen had been still further enlarged.

ALLEN, J. By Gen. St., *c.* 37, *s.* 4, any town may choose one or more agents ; and if such officers are not chosen, the selectmen shall discharge the duties and have all the powers of those officers. By the act of 1791 " for regulating towns and the choice of town officers," it was provided that towns might choose an agent or agents, attorney or attorneys, for prosecuting or defending any suit for or against the town. This provision was in force until the adoption of the Revised Statutes in 1842, when it was repealed, and the provision for the choice of " one or more agents," as the law now is, was made in place of it.

The powers and duties of these officers named " agents," without other designation, definition, or prescription of authority, must be understood to include, at least, all those powers and duties which had been given by the former statute, and used in practice under that statute for more than fifty years. Their duty and authority being well enough understood, they were, in the revision of the statutes, called agents without definition or qualification.

The defendant town having failed to choose an agent or agents, the selectmen had all the powers and duties of agents, and were authorized to manage and conduct the suits for and against the town. In the exercise of this authority they could make admissions which would be competent evidence against the town. *Gray* v. *Rollinsford,* 58 N. H. 253. It was their duty, as agents, to investigate the plaintiff's claim, and, in the absence of special instructions by the town, they had the power to submit the merits of the claim to arbitration. *Eastman* v. *Burleigh,* 2 N. H. 484, 487 ; *Buckland* v. *Conway,* 16 Mass.

396 ; *Holker* v. *Parker*, 7 Cranch 449 ; *Filmer* v. *Delber*, 3 Taunt. 486 ; Caldwell on Arb. 29, 30. The evidence offered by the plaintiff was sufficient to support his action.

*Case discharged.*

Doe, C. J., did not sit.